Parker C. J.
delivered the opinion of the Court. The appellant supposes the decree wrong, in allowing to the administrator the amount of a promissory note, given by the intestate, David Dickinson, to Jonathan Arms in 1819, because it is charged as paid in October, 1828, more than four years after administration was granted on the estate of David Dickinson. And cases are cited to show «that the administrator is not only not compellable, but that he ought not to pay any debts which are not demanded within that period.
We are inclined to think that the doctrine thus set up is correct, but not applicable to this case. Pliny Arms, the defendant, is administrator of both estates. As administrator of Jonathan Arms, he held the note given by Dickinson to Jonathan Arms’s estate and was bound to collect it. The estate of David Dickinson being solvent, the defendant had a right to appropriate so much of the funds as would pay this note, the moment they came into his hands. And the law presumes that it was so appropriated ; for he could not sue himself. He was chargeable, in his administration account of Jonathan Anns’s estate, with the amount of this note ; for he had funds in hand wherewith to pay it. The date of the payment, as stated in his account, is not conclusive against him as to the time of payment; and the relation in which he stood to both estates shows the payment was made before that time, and before the four years expired. He should not however have been allowed interest on the note after his liability to pay ceased.
The general objection to the whole allowance, because the account was not settled in the probate office until after four years from the time of taking out administration, is not sustained, neither the Jaw, nor the practice in probate courts, having established such limitation against the accounts of administrators.